Filed 3/16/15  Rogers v. Rogers CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| REX ROGERS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KATHEE ROGERS,<br><br>    Defendant and Respondent. | B254021<br><br>(Los Angeles County<br>Super. Ct. No. KP015122) |

APPEAL from an order of the Superior Court of Los Angeles County, Lesley C. Green, Judge.  Affirmed.

The Ryan Law Firm and Kelly F. Ryan for Plaintiff and Appellant.

Law Offices of Doonan & Doonan and D. Scott Doonan for Defendant and Respondent.

_____

Rex Rogers appeals from an order imposing $6,583 in sanctions against him for failing to appear at his noticed deposition. (Code of Civ. Proc., § 904.1, subd. (a)(12).)[1] Because the trial court did not abuse its discretion when it imposed the monetary sanction, we affirm the order.

## FACTS

Mack Ray Rogers[2] established a trust on October 14, 1999. He died on February 10, 2012, and his wife, Kathee, became successor trustee upon his death. This appeal involves an acrimonious lawsuit[3] between Rex, Mack's son from a previous marriage, and Kathee regarding certain amendments made to Mack's trust prior to his death. During the course of discovery, the trial court imposed a $6,583 monetary sanction against Rex for his failure to appear for a noticed deposition in his home state of Florida. The events leading up to the sanction are lengthy, involving many letters between the attorneys for the parties about the deposition as well as other discovery disputes. As a result, we only provide a summary of the relevant events below.

Beginning in September 2013, Kathee's attorney, D. Scott Doonan, attempted to meet and confer with Rex's attorney, Noah Green, to set a date for Rex's deposition.

---

[1]     Under Code of Civil Procedure section 904.1, subdivision (a)(12), an appeal may be taken from an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds $5,000.
        All further section references are to the Code of Civil Procedure unless otherwise specified.

[2]     For ease of reference, we will refer to the family members by their first names.

[3]     The squabbling between the parties has extended to this appeal by Kathee's motion for sanctions against Rex and his counsel for filing a frivolous appeal and violating appellate rules requiring a full summary of facts. (§ 907; Cal. Rules of Court, rule 8.276(a)(1), (4).) Rex's briefing is far from exemplary and lacks a complete statement of the facts, presenting only those facts favorable to him. However, we decline to find his appeal is sufficiently egregious as to warrant sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651 ["the punishment should be used most sparingly to deter only the most egregious conduct"].) Kathee's motion is denied.

Doonan initially hoped to take Rex's deposition in California, where his office was located and where this matter was being litigated. However, Green informed him that Rex, who lived in Florida, would be unwilling to travel to California for his deposition. Further, Green indicated he was reluctant to proceed with a deposition without first receiving the trust accounting ordered by the trial court. He believed that after a review of the accounting, the parties could "meet and confer to determine whether or not the case is ripe for settlement/mediation, or if further depositions and discovery are necessary." Doonan disagreed, contending his right to take Rex's deposition was "mutually exclusive to the filing of the trust accounting" and refused to delay the deposition. Having failed to obtain a date from Green by September 26, 2013, Doonan noticed Rex's deposition in Florida for November 5, 2013.

During the course of communications regarding other discovery issues, however, Green continued to state that he was "in the process of obtaining dates for the deposition of my client." The first account and report of trust was filed on October 11, 2013. Two weeks prior to the noticed deposition, on October 23, 2013, Doonan warned Green he had already booked his flight to Florida and would move to compel Rex's appearance at the deposition. Despite this, Green continued to offer alternate dates for Rex's deposition, suggesting his client would be willing to fly to California if Kathee's deposition could be taken the day following Rex's. On October 28, 2013, Kathee's ex parte motion to compel Rex's appearance at his deposition and seeking monetary sanctions of $6,235 was denied on the grounds the noticed deposition had not yet occurred.

Not surprisingly, Rex failed to appear for the noticed deposition on November 5, 2013. On November 7, 2013, however, Green offered to conduct back-to-back depositions of Rex and Kathee in California later that month. Doonan refused because the dates offered for Kathee's deposition conflicted with his schedule, about which he had earlier informed Green, and Kathee would be recovering from oral surgery at that time. On November 15, 2013, Doonan filed a noticed motion to compel deposition, seeking $17,470.54 in monetary sanctions. The trial court granted Kathee's motion to compel Rex's deposition on December 17, 2013, and issued monetary sanctions of

3

$6,583.00. It noted, "on a number of occasions, [Green] made having Mr. Rogers appear for his deposition contingent upon an accounting or something else. [¶] That's not the way discovery works . . . . [¶] . . . [¶] Now, I would certainly expect the parties to work that out in terms of dates, but he [Doonan] offered many times to give you [Green] dates, to pick dates. You didn't do that, so he finally just picked one. You wouldn't commit whether your client was available. So, ultimately, the Friday before he got on an airplane, you called, or somehow notified him that your client was not available. That was unacceptable." A motion filed by Green to compel Kathee's deposition was heard the same day and was also granted. However, monetary sanctions were denied. Rex timely appealed.

## DISCUSSION

A trial court is authorized to impose monetary sanctions for the misuse of the discovery process, including the willful failure to appear at a deposition and the failure to confer in a reasonable and good faith attempt to informally resolve discovery disputes. (§§ 2023.010, subd. (d), 2023.030, subd. (a).) Section 2025.410, subdivision (d) requires the trial court to impose a monetary sanction under section 2023.010 in favor of the party who noticed the deposition and against the deponent "unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

"We review discovery orders for an abuse of discretion. [Citation.] Sanction orders are 'subject to reversal only for arbitrary, capricious or whimsical action.' [Citations.]" (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102; see *Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123 ["abuse of discretion standard of review ordinarily applies . . . to review of an order imposing discovery sanctions for discovery misuse"].) To the extent the trial court's ruling is based upon factual determinations, they must be supported by substantial evidence. (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 430.) "A reviewing court must therefore first determine whether substantial evidence supports the factual

4

basis on which the trial court acted, and then determine whether the orders made by the trial court were an abuse of discretion in light of those facts." (*Ibid.*)

Rex contends substantial evidence does not support the trial court's finding that "[Doonan] tried and tried to get dates and that Mr. Green kept putting him off." Even if we accept this was the only factual finding upon which the trial court relied to impose the monetary sanction, there is no merit to this contention. The record clearly showed that Green conditioned setting a date for Rex's deposition first on receiving the accounting and then, on conducting back-to-back depositions with Kathee. It was not until two weeks prior to the noticed deposition that Green offered a firm date on which to conduct Rex's deposition. Prior to that, he merely offered vague promises of conferring with his client on the location and date of the deposition.

For the same reason, we also reject Rex's contention that he was substantially justified in "attempting to move the location of the deposition to California and giving his client an opportunity to be present for the respondent's deposition without having to make two trips across country." This argument would have more substance if Rex's attempts to reschedule the location and date of his deposition had occurred prior to the noticed deposition and prior to Doonan booking his flight. Instead, the record shows that Doonan only noticed the deposition to take place in Florida after he was informed Rex would not appear in California for his deposition. The suggestion that the parties conduct back-to-back depositions of Rex and Kathee in California was made late in the process — after Doonan had booked his flight and only two weeks before the deposition. Moreover, Rex's right to attend Kathee's deposition, if he has one, is separate and apart from his obligation to appear at a noticed deposition.

These facts differ markedly from those in *Leko v. Cornerstone Building Inspection Service* (2001) 86 Cal.App.4th 1109, the case relied upon by Rex. There, the deposition was not calendared by the deponent's counsel due to a mistake or miscommunication. Once she realized the mistake, the deponents' counsel notified opposing counsel that neither she nor her clients were available on the noticed date, but offered to arrange an alternative date. The offer was rejected and opposing counsel filed a motion to compel

instead.  He was sanctioned for failing to make a reasonable attempt to resolve the discovery issue informally.  Here, there was no mistake or miscommunication that resulted in Rex's failure to appear at the noticed deposition.  Further, Green's offer of alternate dates was not reasonable, coming too late in the process.  In short, the record amply supports the trial court's ruling.  There was no abuse of discretion.

## DISPOSITION

The December 17, 2013 order imposing discovery sanctions is affirmed.  Kathee is to recover her costs on appeal.

RUBIN, ACTING P.J.

WE CONCUR:

FLIER, J.

GRIMES, J.

6